IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSEPH P. GANIM,             )<br>              Petitioner,    )<br>        v.                             )<br>                                       )<br>THE FEDERAL BUREAU OF  )<br>PRISONS, et al.,                 )<br>              Respondents.  ) | C.A. No. 09-272 Erie |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I.    RECOMMENDATION**

It is respectfully recommended that Petitioner's Motion for Injunctive Relief or Writ of Mandamus [Document # 2] be denied.

**II.    REPORT**

**A.    Relevant Procedural and Factual History**

Petitioner Joseph P. Ganim, an inmate at the Federal Correctional Institution at McKean in Bradford, Pennsylvania ("FCI-McKean"), initiated this action on October 27, 2009, by filing a petition for writ of *habeas corpus* under 28 U.S.C. § 2241, challenging the date set by the Federal Bureau of Prisons ("BOP") for his pre-release custody placement in a residential re-entry center ("RRC"). [Document # 5].  In conjunction with this filing, Petitioner also filed a motion for injunctive relief or writ of mandamus seeking an order requiring the BOP to reconsider him for the maximum period of CCC placement upon his completion of the residential drug and alcohol program ("RDAP") on December 9, 2009. [Document # 2]. Petitioner bases this request on the Second Chance Act of 2007, PL 110-199 (effective April 9, 2008), which amended 18 U.S.C. § 3624(c)(1) to allow for a maximum of twelve months of pre-

release RRC placement.[1]

Initially, the Court notes that a writ of mandamus is "a drastic remedy that a court should grant only in extraordinary circumstances in response to an act 'amounting to a judicial 'usurpation of power.'" Hahnemann University Hosp. v. Edgar, 74 F.3d 456, 461 (3d Cir. 1995), quoting Will v. United States, 389 U.S. 90, 95 (1967)(citations omitted).  No such extraordinary circumstances have been presented here to warrant mandamus relief.  Thus, the Court will turn its attention to Petitioner's request for injunctive relief.

### B.     Standard of Review

To obtain a preliminary injunction, the District Court must consider: (1) the likelihood of success on the merits; (2) the extent of irreparable injury from the alleged misconduct; (3) the extent of harm to the movant; and (4) the effect on public interest.  Clean Ocean Action v. York, 57 F.3d 328, 331 (3d Cir. 1995); Opticians Ass'n of America v. Independent Opticians of America, 920 F.2d 187, 191-92 (3d Cir. 1990).  The preliminary injunction remedy "must be reserved for extraordinary circumstances...." Hoxworth v. Blinder, Robinson & Co. Inc., 903 F.2d 186, 189 (3d Cir. 1990).  If the record does not support a finding of both irreparable injury and a likelihood of success on the merits, then a preliminary injunction cannot be granted. Marxe v. Jackson, 833 F.2d 1121 (3d Cir. 1987).

Irreparable injury is established by showing that Petitioner will suffer harm that "cannot be redressed by a legal or an equitable remedy following trial." Instant Air Freight Co. v. C.F. Air Freight, Inc., 882 F.2d 797, 801 (3d Cir. 1989)("The preliminary injunction must be the only way of protecting the plaintiff from harm").  Petitioner bears this burden of showing irreparable injury. Hohe v. Casey, 868 F.2d 69, 72 (3d Cir.), cert. denied, 493 U.S. 848 (1989).  In fact,

---

[1] Petitioner acknowledges that, in his case, the maximum period would be approximately 7½ months, because his maximum sentence date is July 19, 2010.  Since Petitioner has already been recommended for 6 months' RRC placement, he is requesting an additional period of 43 days.

2

Petitioner must show <u>immediate</u> irreparable injury, which is more than merely serious or substantial harm. <u>ECRI v. McGraw-Hill, Inc.</u>, 809 F.2d 223, 226 (3d Cir. 1987). The case law provides some assistance in determining that injury which is irreparable under this standard. "The word irreparable connotes 'that which cannot be repaired, retrieved, put down again, atoned for...'." <u>Acierno v. New Castle County</u>, 40 F.3d 645, 653 (3d Cir. 1994)(citations omitted). Additionally, "the claimed injury cannot merely be possible, speculative or remote." <u>Dice v. Clinicorp, Inc.</u>, 887 F.Supp. 803, 809 (W.D.Pa. 1995). An injunction is not issued "simply to eliminate a possibility of a remote future injury...." <u>Acierno</u>, 40 F.3d at 655 (citation omitted).

### C. Discussion

On November 12, 2009, the Court conducted a telephone hearing on Petitioner's injunction request, during which testimony was offered by BOP counsel, Joyce Horikawa, Esquire, regarding the BOP's attempts at implementing the Second Chance Act in light of this Court's recent discussion in <u>Berardi v. Quintana</u>, 2009 WL 2426053 (Aug. 6, 2009). Despite Ms. Horikawa's representations, however, the Court remains concerned that Congress' intent in passing the Second Chance Act is not being followed. In particular, the *de facto* numbers appear to indicate that, while it may be the BOP's intent to give effect to the Second Chance Act's expansion of the allowable period of RRC placement from six to twelve months, there is little evidence to show that qualifying inmates have been receiving any more than the six months of RRC placement previously authorized by statute. This should give the BOP pause.

Nonetheless, these concerns are not dispositive of Petitioner's motion in this case, because Petitioner has acknowledged that he has not fully exhausted his administrative remedies with regard to the issues presented. (<u>See</u> Document # 5, Petition, at pp. 7-8). Petitioner attempts to excuse his failure to exhaust by arguing that "any further exhaustion of administrative remedies would be futile because the Respondent has taken a policy position against awarding

3

any inmate more than 6 months half-way house or RRC placement." (Document # 5, Petition, at p. 8).  Petitioner claims that this alleged policy "has been articulated to [him] by a number of the Respondents at different times including the Warden and the Case Manager at McKean FPC...." (Id.).  However, in a recent case involving a remarkably similar legal challenge and factual circumstance, such allegations were held to be insufficient to establish futility and excuse exhaustion.  See Winters v. Warden, FCI Fort Dix, 2009 WL 2928549 (D.N.J. Sept. 10, 2009).  In particular, the Winters court held "[t]he verbal statement of the warden does not make exhaustion futile, since the warden may respond differently to an administrative remedy request" and, if not, "the Regional Director or the Central Office may disagree."  Winters at * 3.  This Court agrees.  Thus, Petitioner has failed to present any valid reason to excuse his failure to exhaust his administrative remedies and, as a result, he has failed to establish the substantial likelihood of success necessary to warrant injunctive relief.

### III.    CONCLUSION

For the foregoing reasons, it is respectfully recommended that Petitioner's Motion for Injunctive Relief or Writ of Mandamus [Document # 2] be denied.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Civil Rules for Magistrate Judges, the parties are allowed ten (10) days from the date of service to file written objections to this report.  Any party opposing the objections shall have ten (10) days from the date of service of objections to respond thereto.  Failure to timely file objections may constitute a waiver of some appellate rights.  See Nara v. Frank, 488 F.3d 187 (3d Cir. 2007).

/s/ Susan Paradise Baxter  
SUSAN PARADISE BAXTER  
United States Magistrate Judge

Date:   December 10, 2009